Alan Van Praag, Esq.
Edward W. Floyd, Esq.
Bonnie R. Kim, Esq.
EATON & VAN WINKLE LLP
3 Park Avenue
New York, New York 10016-5902
212.779.9910
avanpraag@evw.com
efloyd@evw.com
bkim@evw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
BALTANAS SHIPPING LIMITED,

                        Plaintiff,                    Case No.: 12 Civ. 9166 (PAE)(DF)

       -against-                              ECF CASE

TANIA ENTERPRISE, and INTERNATIONAL        **VERIFIED COMPLAINT**
FINANCE INVESTMENT AND COMMERCE           **IN ADMIRALTY**
BANK LTD (a/k/a IFIC BANK).

                        Defendants.
------------------------------------------------------------------------x

Plaintiff, Baltanas Shipping Limited ("Baltanas" or "Plaintiff"), by its attorneys, Eaton & Van Winkle LLP, for its complaint against Defendants Tania Enterprise ("Tania"), and International Finance Investment and Commerce Bank Ltd. (a/k/a IFIC Bank) ("IFIC Bank") (collectively, "Defendants"), upon information and belief, alleges as follows:

**JURISDICTION**

1.      This is a case of admiralty and maritime jurisdiction, 28 U.S.C. § 1333, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule B of the Supplemental Rules for Admiralty or Maritime Claims.

**PARTIES**

2.     At all relevant times, Plaintiff was and still is a corporation or other business entity organized and existing under the laws of a foreign country with an address at P.O. Box 556, Main Street, Charlestown Nevis.

3.     At all relevant times, Defendant Tania was and still is a corporation or other business entity organized and existing under the laws of Bangladesh with an office and place business located outside of the United States at Lalbagh, South Sitalpur, Sonaichari, Sitakunda, Chittagong, Bangladesh.

4.     At all relevant times, Defendant IFIC Bank was and still is a corporation or other business entity organized and existing under the laws of a foreign country with an office and place of business located at Khatunganj Branch, 249/250 Khatunganj Road, Chittagong, Bangladesh.

**UNDERLYING EVENTS**

5.     As is further described below, on or about August 14, 2012, Defendant Tania entered into a contract (the "Contract") with Plaintiff that called for Plaintiff to navigate a vessel, the MV Marienborg, to the outer anchorage of Chittagong port (Bangladesh) where the vessel was to be delivered, safely afloat and under its own power, to Tania.  (A copy of the Contract is annexed hereto.)

6.     The Contract obligated Defendant Tania to open a 100% irrevocable letter of credit (the "LOC") in favor of Plaintiff.

7.     The Contract also provided that Defendant Tania's failure to open a valid LOC within the time prescribed by the Contract would constitute a breach thereof.

8. On multiple occasions during September 2012, Plaintiff sought to confirm the status of the LOC by which Tania was to make payment. There were thus several meetings amongst the representatives of Plaintiff, Tania and IFIC Bank to discuss the LOC.

9. At one such meeting, held on or about September 20, 2012 at the bank's offices, IFIC Bank presented an original LOC to Tania and Plaintiff. Additionally, IFIC Bank and Tania then confirmed (a) that the LOC was validly issued and opened and (b) that the LOC would be transmitted to the advising / confirming bank within two days.

10. Plaintiff accordingly relied upon such representations and performed its obligations by navigating the MV Marienborg into Bangladeshi waters where Plaintiff proceeded to address local vessel clearance requirements. Plaintiff also took such additional steps as were necessary to facilitate delivery of the vessel to Tania.

11. However, on or about September 26, 2012, Plaintiff learned that, contrary to the representations made by Tania and IFIC Bank, the LOC had not been formally opened and that, as a result, an advising / confirming bank would not make payment to Plaintiff under the LOC.

12. Tania's failure to open a valid LOC, coupled with the intentional misrepresentations made by Tania and IFIC Bank regarding the purported LOC, caused Plaintiff to suffer substantial damages.

13. In particular, Plaintiff had to pay very substantial vessel operating costs which the Plaintiff would not have had to pay if the Defendants had performed their contractual obligations and/or not made intentional misrepresentations regarding the opening and issuance of the purported LOC.

14. Amongst other things, the Plaintiff incurred damages on account of paying for: vessel crew costs, vessel insurance, bunkers (fuel oil for a ship), other vessel necessaries, vessel

operating expenses, port agency costs, port dues/charges, finance costs and mitigation of damages costs.

15. The Defendants' wrongful conduct also interfered with Plaintiff's ability to perform the obligations Plaintiff owed to the vessel's head owners (higher tier owners). As a result, Plaintiff had to pay a substantial sum of money to the vessel's head owners to settle their claims.

16. Accordingly, Defendants have committed the following: (i) the maritime tort of fraud, (ii) the maritime tort of tortious interference, (iii) the maritime tort of fraudulent inducement, (iv) the maritime tort of fraudulent misrepresentation, (v) the maritime tort of negligence, (vi) breach of a maritime contract, and (vii) breach of the LOC, causing Plaintiff Baltanas to incur damages, as best can now be estimated, of $1,748,751.67.

17. As is further discussed below, disputes arising from or relating to the Contract are subject to resolution before maritime arbitrators in London. Therefore, this action is brought to obtain *quasi in rem* jurisdiction over the Defendants and to obtain security for Plaintiff's claims. Plaintiff fully reserves its right to arbitrate the underlying dispute.

## FIRST CAUSE OF ACTION AGAINST TANIA AND IFIC BANK
### (Maritime Tort of Fraud)

18. Paragraphs 1 through 17 of this Complaint are repeated and realleged as if the same were set forth here at length.

19. Defendants Tania and IFIC Bank repeatedly and intentionally made material misrepresentations of fact to Plaintiff. Amongst other things, Tania and IFIC falsely represented to Plaintiff that a valid, irrevocable LOC had been opened and issued.

20. Defendants' representations were false.

21. At the time Defendants made such representations to Plaintiff, they knew them to be false as they intended to deceive Plaintiff.

22. Defendants' false representations were material to Plaintiff's business decisions and Plaintiff relied upon those misrepresentations to its detriment.

23. But for Defendants' false representations, Plaintiff would not have agreed to move the vessel into Bangladeshi waters at Chittagong port or to incur the associated operational costs for the vessel.

24. Plaintiff justifiably relied upon those misrepresentations which were made by a bank at that bank's offices. However, the purported LOC was never transmitted to an advising / confirming bank such that Plaintiff could not receive payment from a confirming bank upon presentation of documents.

25. It was foreseeable at the time of Defendants' false representations that Plaintiff would incur damages as a result of such falsehoods.

26. By reason of Defendants' false representations, Plaintiff has been caused to suffer damages, as best can now be estimated, in the amount of $1,748,751.67.

## SECOND CAUSE OF ACTION AGAINST TANIA AND IFIC BANK
### (Maritime Tort of Tortious Interference)

27. Paragraphs 1 through 26 of this Complaint are repeated and realleged as if the same were set forth here at length.

28. Plaintiff Baltanas had a valid, existing contractual agreement with the vessel's head owners, Nordana A/S, to purchase and operate the vessel.

29. Tania and IFIC Bank knew of the existence of the above-referenced agreement.

30. Without reasonable or economic justification or excuse, Defendants knowingly and intentionally caused interference with the agreement between Plaintiff and the vessel's head owners.

31. The dispute between the vessel's head owners and Plaintiff has been resolved by way of a settlement pursuant to which Plaintiff had to pay a substantial sum of money to the head owners.

32. The actions of Defendants Tania and IFIC Bank in causing the breach of the agreement between Plaintiff and the head owners constituted tortious interference with contract.

33. As a result of the tortious interference by Defendants, Plaintiff has suffered damages, as best can now be estimated, in the amount of $1,748,751.67.

### THIRD CAUSE OF ACTION AGAINST TANIA AND IFIC BANK
**(Maritime Tort of Fraudulent Inducement)**

34. Paragraphs 1 through 33 of this Complaint are repeated and realleged as if the same were set forth here at length.

35. At all relevant times, Defendants made deliberate and repeated material misrepresentations of fact to Plaintiff concerning Tania and IFIC Bank's ability and actual intent to meet their obligations under the Contract and the LOC as well as in respect of surrounding circumstances concerning the validity of the purported LOC.

36. Defendants represented that the original LOC issued by IFIC Bank and presented to Plaintiff had been fully opened and Plaintiff justifiably relied upon these representations.

37. Based on Defendants' representations, upon which Plaintiff reasonably relied, Plaintiff brought the vessel inside Bangladeshi waters and commenced preparations for delivering the vessel to Tania pursuant to the terms of the Contract and LOC.

38. Defendants knew that their material representations were false and such misrepresentations were intended to deceive Plaintiff.

39. Amongst other things, the LOC was not fully opened by Tania or formally issued by IFIC Bank despite the Defendants' express representations to the contrary.

40. By reason of Defendants' false representations, Plaintiff has been caused to suffer damages, as best can now be estimated, in the amount of $1,748,751.67.

### FOURTH CAUSE OF ACTION AGAINST TANIA AND IFIC BANK
### (Maritime Tort of Fraudulent Misrepresentation)

41. Paragraphs 1 through 40 of this Complaint are repeated and realleged as if the same were set forth here at length.

42. An original LOC document issued by IFIC Bank was presented to Plaintiff and it was represented to Plaintiff that the LOC had been opened and issued.

43. Defendants furthered the impression that the LOC was an authentic and valid LOC through continued assurances that the LOC was opened, issued, and in the process of being transmitted to the advising / confirming bank.

44. Plaintiff reasonably relied upon these representations that the LOC was validly opened and brought the vessel inside Bangladeshi waters to facilitate delivery of the vessel to Tania pursuant to the terms of the Contract and LOC.

45. Defendants knew that their material representations were false and intended to deceive Plaintiff. On or about September 26, 2012, despite its previous representations, Tania informed Plaintiff that it would not perform and that the LOC had never been transmitted by IFIC Bank to the advising/confirming bank.

46. By reason of Defendants' false representations, Plaintiff has suffered damages, as best can now be estimated, in the amount of $1,748,751.67.

### FIFTH CAUSE OF ACTION AGAINST TANIA AND IFIC BANK
(Breach of Contract)

47. Paragraphs 1 through 46 of this Complaint are repeated and realleged as if the same were set forth here at length.

48. Defendants Tania and IFIC Bank have failed to perform their obligations pursuant to the LOC and have thereby breached the subject LOC.

49. Plaintiff, by reason of the premises, has sustained damages, as best can now be estimated, in the amount of $1,748,751.67.

### SIXTH CAUSE OF ACTION AGAINST TANIA
(Breach of Maritime Contract)

50. Paragraphs 1 through 49 of this Complaint are repeated and realleged as if the same were set forth here at length.

51. Defendant Tania has failed to perform its obligations pursuant to the Contract and has thereby breached the subject Contract which was a maritime contract.

52. Plaintiff, by reason of the premises, has sustained damages, as best can now be estimated, in the amount of $1,748,751.67.

### SEVENTH CAUSE OF ACTION AGAINST IFIC BANK
(Maritime Tort of Negligence)

53. Paragraphs 1 through 52 of this Complaint are repeated and realleged as if the same were set forth here at length.

54. Defendant IFIC Bank owed a duty of care to Plaintiff but breached that duty by negligently enabling an original LOC document to be issued and presented to Plaintiff such that the LOC could be represented as being valid, authentic, opened, fully funded, and transmitted to an advising / confirming bank.

55. As a result of Defendant's negligence, Plaintiff brought the vessel within Bangladeshi waters and incurred the associated operational costs for the vessel. Such damages, as best can now be estimated, amount to $1,748,751.67.

## **RULE B ATTACHMENT**

56. Paragraphs 1 through 55 of this Complaint are repeated and realleged as if the same were set forth here at length.

57. Pursuant to the terms of the Contract, all disputes arising from or relating to the Contract are to be resolved by maritime arbitration in London pursuant to English law.

58. This action is brought to obtain jurisdiction over Defendants and to obtain security in favor of Plaintiff in respect of its claims against Defendants and in aid of legal proceedings to be commenced in England.

59. This action is also brought to obtain security for additional sums to cover Plaintiff's anticipated costs in English legal proceedings, all of which are recoverable under English law.

60. Upon information and belief, and after investigation, Defendants cannot be "found' within this District for the purpose of Rule B of the Supplemental Rules for Admiralty or Maritime Claims, but Plaintiff is informed that Defendants have, or will shortly have, property subject to attachment within this District.

61. Specifically, Plaintiff believes that Defendants have, or will shortly have, property subject to attachment within the Southern District of New York in connection with banking relationships with New York banks including: Standard Chartered Bank; Mashreq Bank PSC; HSBC; Citibank N.A.; JP Morgan Chase Bank; and Wells Fargo Bank N.A.

62.     The total amount sought to be attached pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims by Plaintiff against Defendants includes: (i) the principal claim in the amount of $1,748,751.67; (ii) interest, which is recoverable in London arbitration, in the amount of at least $100,000.00 as estimated will accrue during the time necessary to obtain London arbitral awards; and (iii) estimated attorneys fees and disbursements, together with the costs of the arbitration, including arbitrators fees, all of which are recoverable in London arbitration, in the amount of $350,000.00, for a total claim of $2,198,751.67.

## RESERVATION OF RIGHTS TO ARBITRATE DISPUTES WITH DEFENDANTS

63.     Disputes arising from or relating to the Contract are to be arbitrated by maritime arbitrators in London pursuant to English law.

64.     Plaintiff expressly reserves all rights to arbitrate the merits of this dispute and brings this action to obtain *quasi-in-rem* jurisdiction and security for its damages, interest and the costs of London arbitration.

WHEREFORE, Plaintiff prays as follows:

1.     That process in due form of law according to the practice of this Court may issue against Defendants;

2.     That the Court, in accordance with the provisions of Rule B of the Supplemental Rules for Admiralty or Maritime Claims, direct the issuance of Process of Maritime Attachment and Garnishment attaching all assets within the district owned by Defendants or in which Defendants have a beneficial interest up to the amount of $2,198,751.67;

3.     That judgment be entered against Defendants and in favor of Plaintiff in the amount of $2,198,751.67, plus interest, costs and attorneys' fees; and

      4.      That the Court grant such other, further and different relief as may be just, proper and equitable.

Dated:  New York, New York
          December 17, 2012

                                        EATON & VAN WINKLE LLP

                                        By:  s/ Bonnie R. Kim_____
                                                Alan Van Praag, Esq.
                                                Edward W. Floyd, Esq.
                                                Bonnie R. Kim, Esq.

                                                3 Park Avenue
                                                New York, New York 10016
                                                212.779.9910

                                                Attorneys for Plaintiff

**VERIFICATION**

Bonnie R. Kim, Esq., pursuant to the provisions of 28 U.S.C. § 1746, declares and states as follows:

1. I am an attorney admitted to practice before this Court and am associated with the firm of Eaton & Van Winkle LLP, attorneys for Plaintiff, and I make this verification on behalf of Plaintiff.

2. I have read the foregoing complaint and know the contents thereof and the same are true to the best of my knowledge, information and belief. The sources of my information and the grounds for my belief are communications received from the Plaintiff and the London solicitors for Plaintiff and an examination of the papers relating to the matters in suit.

3. The reason this verification is made by the undersigned, and not made by Plaintiff, is that Plaintiff is a foreign corporation or other business entity, no officer or director of which is presently within this District.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       December 17, 2012

                                        s/ Bonnie R. Kim
                                        Bonnie R. Kim

**DECLARATION**

Bonnie R. Kim, pursuant to the provisions of 28 U.S.C. § 1746, declares and states as follows:

1. I am an attorney admitted to practice before this Court and am associated with the firm of Eaton & Van Winkle LLP, attorneys for Plaintiff, and I am familiar with the facts of this matter.

2. To the best of my information and belief, the Defendants cannot be found within this District as defined by the relevant State and Federal Rules of Civil Procedure.

4. I caused a search to be made by going to the New York State Department of State website (www.dos.state.ny.us) and searching the Corporation and Business Entity Database for each Defendant.  This database contained no record of the Defendants having authority to do business in New York at present.  Indeed, such records reflected that an entity known as "Tania Enterprises Inc." (not Tania Enterprise") was previously registered with New York authorities but that, during the course of 1992, that entity surrendered any authority to do business and revoked the appointment of any registered agent.  I also caused a search of New York telephone directories to be made and such sources did not contain a listing for any of the Defendants.  In addition, I checked the New York Banking Department's Foreign Branches list to see if Defendant International Finance Investment and Commerce Bank Ltd. appeared on that list and it did not.

6. I am also unaware of any general or managing agents within this District for Defendants.

7. It is for the foregoing reasons that I request, on behalf of Plaintiff, that the Court execute the accompanying (Proposed Form of) Order For Issuance of Process of Maritime Attachment and Garnishment.

Dated: New York, New York
December 17, 2012

s/ Bonnie R. Kim
Bonnie R. Kim
